## McConnell v. Pitt Caliche Company.

*Pleading and practice—Assumpsit—Affidavit of defence—Counter-claim—Compulsory arbitration—Petition to withdraw answers—Act of June 16, 1836, P. L. 715.*

1. Where, after the filing of an affidavit of defence and counter-claim, and plaintiff's reply thereto, plaintiff took out a rule for compulsory arbitration, defendant was thereafter denied permission to withdraw the affidavit of defence and counter-claim and to file instead thereof an affidavit of defence raising questions of law.

2. Until arbitrators have actually been appointed, the case is still in the hands of the court.

Petition to withdraw affidavit of defence and counter-claim. C. P. Allegheny Co., Jan. T., 1926, No. 3064.

Before Shafer, P. J., and Moore, J.

*Waldo P. Breeden,* for plaintiff; *Weil, Christy & Weil,* for defendant.

SHAFER, P. J., March 8, 1926.—The action is *assumpsit* for wages and was brought Dec. 21, 1925. On Jan. 26th an affidavit of defence, including set-off in counter-claim, was filed Jan. 22, 1926. A reply to the counter-claim was filed by the plaintiff Jan. 29, 1926. On Feb. 2, 1926, the plaintiff took out a rule for compulsory arbitration. On Feb. 15, 1926, the defendant presented a petition to be allowed to withdraw the affidavit of defence and counter-claim which he had theretofore filed and to be allowed to file an affidavit raising questions of law as to the sufficiency of the affidavit of claim. The objections to the statement of claim which the defendant thus desires to be allowed to make are substantially that the plaintiff's claim is not set out with sufficient detail. An inspection of this statement shows that it is not as specific as it might well be. The defendant claims that as the Compulsory Arbitration Act forbids the taking out of a rule for compulsory arbitration until after the declaration and statement of the cause of action have been filed (Act of June 16, 1836, § 9, P. L. 715), he argues, it is unlawful for the plaintiff to take out such a rule if the statement is insufficient or defective. Whether this be true or not, the defendant chose to answer on the merits and required the plaintiff to answer the counter-claim, and, as we understand it now, repents having done so because of the rule to arbitrate. As arbitrators have not yet been chosen, the case would still seem to be in the hands of the court.

We are of opinion that to allow the prayer of the petition would delay the plaintiff for no sufficient reason. The rule must, therefore, be discharged.

Rule discharged.

From William J. Aiken, Pittsburgh, Pa.